■ PETER G. EIKENBERRY, Respondent, v ADIRONDACK SPRING WATER CO., INC., et al., Appellants. — In an action to recover damages for breach of

retainer agreements, defendants appeal from (1) an order of the Supreme Court, Kings County (Aronin, J.), dated September 23, 1982, which granted plaintiff's motion for summary judgment and denied defendants' cross motion, *inter alia,* for summary judgment and (2) a judgment entered thereon on September 24, 1982. Appeal from the order dismissed (see *Matter of Aho,* 39 NY2d 241, 248). Judgment affirmed. Plaintiff is awarded one bill of costs. Plaintiff performed legal services for defendants pursuant to a retainer agreement dated November 12, 1974. By a letter agreement dated February 11, 1976 and signed by all defendants, plaintiff was relieved as counsel. The letter agreement set forth the amount owed plaintiff for services rendered and the manner in which payment was to be made. Partial payment was made under the agreement, but no moneys were forthcoming after December 1, 1977. The 1976 agreement was modified by letter agreements in 1980 and 1981, both of which also provided separate schedules for making payment. Defendants defaulted in making payment under these agreements and this action was then instituted. In opposition to plaintiff's motion for summary judgment, and in support of their own motion for the same relief, defendants asserted that the 1980 and 1981 agreements are void because they contain an allegedly usurious rate of interest. The agreements in question provide for a 10% rate of interest to be applied retroactively to 1976, which was above the legal rate for most of that period. Subdivision 2 of section 5-501 of the General Obligations Law provides in pertinent part that: "No person or corporation shall, directly or indirectly, charge, take or receive any money, goods or things in action as interest on the loan or forbearance of any money, goods or things in action at a rate exceeding the rate * * * prescribed." Subdivision 4 of the same section notes in pertinent part that: "interest shall not be charged, taken or received on any loan or forbearance at a rate exceeding such rate of interest as may be authorized by law at the time the loan or forbearance is made". "Forbearance, in this sense, means that a person to whom money is owed waits for payment of all or part of it after it is payable" (14 Willison, Contracts [3d ed], § 1686, p 723). At the time the 1980 and 1981 agreements were entered into the maximum rate of interest which could be charged for plaintiff's forbearance from suing under the earlier agreements was in excess of 10%. Thus, as the contractual rate of 10% was permissible "at the time the * * * forbearance [was] made" (General Obligations Law, § 5-501, subd 4), the agreements do not call for a usurious rate of interest. Therefore, plaintiff's motion for summary judgment was properly granted. Mollen, P. J., Damiani, Mangano and Gulotta, JJ., concur.