■ PETER G. EIKENBERRY, Respondent, v ADIRONDACK SPRING WATER CO., INC., et al., Appellants.—In an action to recover legal fees, the defendants appeal from an order of the Supreme Court, Kings County (I. Aronin, J.), dated September 16, 1987, which, after remittitur from the Court of Appeals *(Eikenberry v Adirondack Spring Water Co.,* 65 NY2d 125), denied the defendants' motion to vacate and set aside a judgment entered September 24, 1982, and for leave to serve and file an amended answer interposing the affirmative defense of criminal usury together with a counterclaim based on that defense.

Ordered that the order is affirmed, with costs.

The defendants appealed from a prior judgment of the Supreme Court, Kings County (I. Aronin, J.), entered September 24, 1982, which granted summary judgment to the plaintiff with respect to a 1976 retainer agreement and two extension agreements executed in 1980 and 1981. The defendants had claimed, *inter alia,* that the extension agreements were usurious. This court affirmed the judgment finding that the defense of usury was not available to the corporation and that, as to the individual defendants, the extension agreements were not usurious *(see, Eikenberry v Adirondack Spring Water Co.,* 98 AD2d 759).

The Court of Appeals *(see, Eikenberry v Adirondack Spring Water Co.,* 65 NY2d 125, *supra)* affirmed that portion of this court's order which granted summary judgment to the corporate defendant. However, the order was otherwise modified

and the matter remitted to the Supreme Court, Kings County, for further proceedings in accordance with the opinion, "including calculation of the amount the individual defendants owe plaintiff under the 1976 agreement, less any payments against that indebtedness, together with interest from the date of [the] breach" *(Eikenberry v Adirondack Spring Water Co.,* 65 NY2d 125, 130, *supra).*

Upon remittitur, the defendants moved, *inter alia,* to vacate the judgment against them and for leave to amend their answer to assert the affirmative defense of criminal usury.

We agree with the Supreme Court, Kings County, that the Court of Appeals limited the issues to be determined upon the remittitur to the amount which the individual defendants owe to the plaintiff under the 1976 retainer agreement. While reference is made to criminal usury in a footnote in the court's opinion *(see, Eikenberry v Adirondack Spring Water Co.,* 65 NY2d 125, 128, *supra),* the remittitur clearly specified a certain course to be taken which course did not include an amendment of the answer at this stage of the proceedings.

Given that the remittitur is the mandate of the Court of Appeals which must be strictly followed, the only question to be determined was the amount of the individual defendants' liability under the original retainer agreement *(see, O'Brien v Seybolt,* 163 App Div 162, 164-165; *Zapf v Carter,* 90 App Div 407, 408). If the defendants were uncertain as to the effect to be given the language employed by the Court of Appeals, the remedy was an application to that court *(see, Michalowski v Ev,* 8 AD2d 854, *affd* 7 NY2d 71; *Fulton v Krull,* 151 App Div 142, 144). Bracken, J. P., Brown, Kunzeman and Spatt, JJ., concur.