■ BARRY LIEBOWITZ, Individually and as President of Doctors Council, et al., Respondents, v DAVID N. DINKINS, as Mayor of the City of New York, et al., Appellants.—Order, Supreme Court, New York County (Eugene Nardelli, J.), entered on or about June 19, 1991, which granted plaintiffs' motion to the extent or enjoining the defendants from eliminating, discontinuing or suspending the School Health Program which provides examinations and immunizations for school children, directed the continuation of such program, *pendente lite,* and denied plaintiffs' motion in all other respects, unanimously affirmed, without costs.

Plaintiffs brought this action primarily in response to the Department of Health's Proposal to eliminate the School Health Program, including physical examinations to newly entering students, physical examinations for working papers and for sports activities as well as elimination of vision and hearing screening tests in kindergarten and grades one through three. In support of the application, plaintiffs offered

excerpts from the testimony of defendants, Commissioner of Health, and Acting Commissioner of Health, which had been given on May 16, 1991 before a joint meeting of the City Council's Committees on Health and Education, along with various internal memoranda. This proof indicated that defendants currently were unable, due to budgetary constraints, to carry out statutorily mandated services and that elimination of such programs as scheduled notwithstanding that the City was aware of the dramatic increases in the number of reported cases of tuberculosis and measles among school age children. In light of these submissions, we believe that plaintiffs have adequately demonstrated the requisites for obtaining injunctive relief, *pendente lite (see, Grant Co. v Srogi,* 52 NY2d 496).

We do not agree with the contentions of defendants that the matter is non-justiciable, inasmuch as the language of the relevant statutes *(see,* Public Health Law § 2164; Education Law §§ 905, 3220; NY City Health Code § 49.05 *et seq.)* creates an affirmative duty to insure that certain medical examinations and immunizations are performed upon children entering into the school system, their participation in physical education and in relation to the issuance of work permits. Accordingly, *mandamus* will lie to enforce that duty. *(See, Klostermann v Cuomo,* 61 NY2d 525; *Jiggetts v Grinker,* 75 NY2d 411.) With regard to defendants' claims of changed circumstances, they have submitted no factual demonstration to support such claims or which would provide a basis for review. Concur—Carro, J. P., Ellerin, Wallach, Ross and Rubin, JJ.