■ In the Matter of NATURAL RESOURCES DEFENSE COUNCIL, INC., et al., Respondents, v NEW YORK CITY DEPARTMENT OF SANITATION et al., Appellants.—Judgment, Supreme Court, New York County (Irma Vidal Santaella, J.), entered March 18, 1992, which granted petitioners' application pursuant to CPLR article 78 to compel respondents' implementation of a City-wide recycling program in compliance with Local Laws, 1989, No. 19 of the City of New York and established a schedule for such compliance, unanimously affirmed, without costs.

Local Law No. 19 (Administrative Code of City of NY, tit 16, ch 3, enacted Apr. 14, 1989, eff July 14, 1989) requires the Department of Sanitation to implement a comprehensive recycling program and promulgate regulations pertaining thereto. Enactment of this local law having coincided with the present fiscal crisis, the executive branch initially eliminated funding for the existing recycling program, which was partially restored after protracted negotiations with the City Council. The City Council, however, never evinced an intention to repeal or modify the local law, and respondents' failure to comply with it continues.

Taking into account the unambiguous phrasing of the legislation, its stated purposes and intent, and admissions made by the City in this and other proceedings, we agree with the IAS Court that Local Law No. 19 imposes on respondents mandatory affirmative duties requiring strict compliance, and that the controversy is therefore justiciable.

Generally, a statute is not deemed impliedly modified by a late enactment *(Matter of Consolidated Edison Co. v Department of Envtl. Conservation,* 71 NY2d 186, 195), certainly, and more particularly, the City Council never explicitly modified or repealed Local Law No. 19, and we reject the contention that such was accomplished implicitly because of purportedly inadequate funding. We also reject any suggestion that an administrative authority has discretion to suspend compliance with the mandate of a law pending more propitious economic circumstances, and to thereby convert a justiciable controversy into a nonjusticiable controversy on the basis of budgetary constraints *(see, Liebowitz v Dinkins,* 176 AD2d 666, 667, citing *Klostermann v Cuomo,* 61 NY2d 525; *Jiggetts v Grinker,* 75 NY2d 411).

We have examined the respondents' remaining contentions

and find them to be without merit. Concur—Sullivan, J. P., Carro, Milonas and Kupferman, JJ.