OPINION OF THE COURT
 

 Levine, J.
 

 In 1989, in response to New York City’s mounting solid waste crisis and dwindling landfill space, the New York City Council enacted Local Law No. 19, the New York City Recycling Law (Administrative Code of City of NY § 16-301
 
 et seq.).
 
 Local Law No. 19 generally requires the Department of Sanitation to establish a comprehensive recycling program for the City of New York and authorizes the promulgation of regulations to implement that program. The implementation of Local Law No. 19 coincided with a fiscal crisis in the City, resulting in reduced budget appropriations for the program for fiscal year 1991. Although the Mayor initially proposed to eliminate all recycling funds for fiscal year 1992, after protracted negotiations with the City Council, funding for the program was restored, although at a reduced level.
 

 Petitioners below commenced this CPLR article 78 proceeding in the nature of mandamus seeking to compel respondents’ compliance with various provisions of Local Law No. 19. Specifically, petitioners alleged that respondents had not complied with Local Law No. 19 by failing to: (1) prepare and submit a preliminary or City-wide recycling plan pursuant to section 16-316; (2) establish and implement City-wide deposit or reclamation programs to provide separate collection systems or convenient drop-off locations for dry cell batteries and tires pursuant to section 16-310; (3) develop and establish a minimum of 10 recycling centers, including at least one buyback center in each borough pursuant to section 16-311; and (4) meet specifically mandated tonnage requirements for solid waste disposal pursuant to sections 16-304 and 16-305. Supreme Court granted petitioners’ application. Finding that the record clearly established that respondents had purposely failed to meet the mandatory dictates of Local Law No. 19, Supreme Court granted a judgment ordering respondents "to comply with their nondiscretionary legally mandated duties to substantially comply with the provisions of the New York City Recycling Law, Local Law 19”. The judgment further set forth various timetables for compliance with the provisions at issue. On appeal by respondents, the Appellate Division affirmed (188 AD2d 415). Leave to appeal was granted by this Court.
 
 *220
 
 We now modify and remit to Supreme Court to reset the timetables, at least some of which have lapsed during the pendency of this litigation, and otherwise affirm.
 

 We first address respondents’ contention that petitioners’ application involves a nonjusticiable political question beyond the judiciary’s power to review. Respondents argue that granting mandamus here necessarily embroils the judiciary in reviewing the City Council’s reduced budgetary allocations for the recycling program and the Sanitation Department’s discretionary decisions in implementing the most effective program possible with the resources available. We disagree.
 

 The proper analysis begins with the words used by the City Council in Local Law No. 19. If the legislation in question established a standard of conduct which executive officers must meet unless or until the legislative body changes it, a dispute over compliance is generally considered justiciable because the courts can compel performance of the statutory command
 
 (see, Jiggetts v Grinker,
 
 75 NY2d 411, 415-416). The use of the verb "shall” throughout the pertinent provisions illustrates the mandatory nature of the duties contained therein.
 
 [1]
 
 The clear import of the words used is one of duty, not discretion
 
 (see, id.,
 
 at 417). Indeed, when the City Council intended to impart discretion within the provisions of Local Law No. 19, it had no difficulty in making this intention clear.
 
 *221
 
 Thus, for example, section 16-305 (c) of the law provides that "[t]he commissioner
 
 may
 
 stagger the source separation and collection of the designated recyclable materials” (emphasis supplied), and section 16-311 (d) provides "[t]he commissioner
 
 may
 
 provide financial or other assistance to recycling centers in existence before and after the effective date of this chapter” (emphasis supplied). By contrast, the compulsory language of the provisions with which petitioners seek compliance unquestionably evinces an intent on the part of the City Council to impose mandatory duties upon respondents
 
 (Jiggetts v Grinker,
 
 75 NY2d, at 417-418,
 
 supra).
 

 Moreover, granting petitioners the relief they seek here would not involve the courts in resolving political questions or making broad policy choices on complex societal and governmental issues, involving the ordering of priorities. The City Council made the policy and political decisions and arranged its priorities in enacting Local Law No. 19. Petitioners are not seeking any change in legislative policy or reordering of priorities; "they ask only that the [recycling] program be effected in the manner that it was legislated”
 
 (Klostermann v Cuomo,
 
 61 NY2d 525, 537).
 

 Nor is the justiciability of this dispute affected by the fact that the implementation of these mandatory provisions entails some exercise of discretion on the part of respondents. We held in
 
 Klostermann
 
 that an action seeking compliance with a statutory directive is not rendered nonjusticiable "merely because the activity contemplated * * * may be complex and rife with the exercise of discretion”
 
 (id.,
 
 at 530). Compliance with almost any statutory directive will involve some measure of discretion exercised by those implementing its terms, but this will not render nonjusticiable a claim which asks the courts to compel compliance with a statute that is otherwise mandatory on its face. Mandamus may "compel acts that officials are duty-bound to perform, regardless of whether they may exercise their discretion in doing so”
 
 (id.,
 
 at 540). The judgment below conforms to this principle.
 

 Finally on the justiciability issue, we reject respondents’ claim that petitioners’ application improperly requires the courts to review the City Council’s budget appropriations for the recycling program. This argument is merely another way of asserting that the City Council has not adequately funded the City’s recycling program to permit full compliance with Local Law No. 19. Grounding a claim of nonjusticiability on
 
 *222
 
 the inadequacy of funding of the statutory mandate was specifically rejected in
 
 Klostermann
 
 (61 NY2d, at 536-537,
 
 supra).
 
 As we said in
 
 Jiggetts,
 
 "[manifestly, the Legislature may or may not appropriate funds necessary to fund these obligations, but the Commissioner does not discharge this statutory duty unless [s]he complies with the mandate contained in [the statute]”
 
 (Jiggetts v Grinker,
 
 75 NY2d 411, 421,
 
 supra).
 
 We hold, therefore, that petitioners have presented a justiciable controversy. As in
 
 Klostermann,
 
 "[petitioners] assert that the Legislature has mandated certain programs and that the executive branch has failed to deliver the services. The appropriate forum to determine the respective rights and obligations of the parties is in the judicial branch”
 
 (Klostermann v Cuomo,
 
 61 NY2d, at 536,
 
 supra).
 

 Alternatively, respondents contend that Local Law No. 19’s recycling provisions were implicitly repealed or modified by subsequent actions of the City Council. Respondents point first to the City Council’s enactment of Local Laws, 1992, No. 72, which authorized the submission of the City’s Solid Waste Management Plan to the New York State Department of Environmental Conservation (DEC) pursuant to the Solid Waste Management Act of 1988
 
 (see,
 
 ECL 27-0107).
 
 [2]
 
 Because the Solid Waste Management Plan addresses many of the facets of New York City’s recycling program contained in Local Law No. 19, respondents argue that the City Council’s approval of the submission of the Plan to DEC pursuant to Local Law No. 72 effectively superseded Local Law No. 19’s recycling provisions. Additionally, respondents urge that the City Council’s approval of budgets for fiscal years 1991 and 1992 with reduced allocations for recycling efforts impliedly repealed Local Law No. 19 or modified the timetables set forth therein for its implementation. We find neither of these contentions persuasive.
 

 It is well settled that "[r]epeal or modification of legislation by implication is not favored in the law”
 
 (Matter of Consolidated Edison Co. v Department of Envtl. Conservation,
 
 71 NY2d 186, 195), and that the doctrine will "be resorted to only in the clearest of cases”
 
 (Ball v State of New York,
 
 41 NY2d 617, 622;
 
 see also,
 
 McKinney’s Cons Laws of NY, Book 1, Statutes § 391). Put another way, a repeal by implication " 'will not be discovered unless the conclusion is unavoidable,
 
 *223
 
 as when repugnancy between the two statutes is plain’ ”
 
 (Ball v State of New York, supra,
 
 at 622 [quoting
 
 Cimo v State of New York,
 
 306 NY 143, 148]). Similarly, modification of a statutory provision by later enactment will not generally be implied unless they are so inconsistent that both cannot be given effect
 
 (Matter of Consolidated Edison Co. v Department of Envtl. Conservation, supra,
 
 at 195). In the instant case, this demanding common-law standard is buttressed by section 1-110 (b) of the Administrative Code, wherein the City Council has explicitly proscribed implied repeal of the Code’s provisions by providing that ”[n]o law hereafter enacted shall be construed to repeal any provision of this code by implication, but every such provision shall be deemed to be in full force and effect until specifically repealed or amended”.
 

 We do not find the requisite clear manifestation of legislative intent to repeal or modify Local Law No. 19 in the City Council’s participation in the formulation of the Solid Waste Management Plan or its enactment of Local Law No. 72. By its terms, Local Law No. 72, the only legislation involving the Plan, merely authorizes the submission of the Plan to DEC, and in no way purports to affect the provisions of Local Law No. 19.
 
 [3]
 
 Moreover, respondents’ contention that the Solid Waste Management Plan was intended to modify the dictates of Local Law No. 19 is belied by the express language of the Plan, which in several instances explicitly contemplates direct, formal amendments to Local Law No. 19 to reflect the contents of the Plan.
 
 [4]
 
 There could hardly be a more clear indication that the Plan, and its submission to DEC pursuant to Local Law No. 72, was not intended by the City Council, without further amendments, to affect the provisions of Local Law No. 19.
 

 Nor do we perceive any clear intent on the part of the City Council to modify the dictates of Local Law No. 19 by its
 
 *224
 
 reduced budget appropriations for recycling for fiscal years 1991 and 1992. An even stronger case for implied repeal was presented in
 
 Ball v State of New York
 
 (41 NY2d 617,
 
 supra),
 
 where the Legislature enacted a budget which eliminated any specific appropriation for the Bingo Control Commission or the salary of its chairperson. Nonetheless, we held in
 
 Ball v State of New York
 
 that the severe burden of establishing implied repeal had not been met, pointing to contraindications in the Legislature’s rejection of a Governor’s bill expressly abolishing the Bingo Control Commission, and the general appropriation of funds in the budget for personnel expenses in connection with the regulation of wagering, out of which presumably salaries of that Commission’s staff could be paid
 
 (id.,
 
 at 621-622).
 

 Similarly here, the City Council’s ultimate restoral of appropriations for the recycling program in response to the Mayor’s initial proposal to temporarily suspend the program dispels any implication of a legislative intent to repeal or substantively modify Local Law No. 19. Certainly, in the face of the statutory proscription against implied repeals in section 1-110 of the Administrative Code, this is not one of those "clearest of cases”
 
 (id.,
 
 at 622) where we can presume that the City Council intended to alter or rescind its prior enactment.
 

 Respondents’ final argument is that mandamus relief should have been denied here because compliance with the tonnage goals of Local Law No. 19 is dependent upon the cooperation of the general public, and thus beyond respondents’ control. We note that this objection would not reach many of the mandates of compliance with Local Law No. 19 included within Supreme Court’s judgment. In any event, the necessity of enlisting the cooperation of others in a public official’s performance of a statutory obligation does not automatically bar mandamus relief. Thus, in
 
 Klostermann v Cuomo
 
 (61 NY2d 525,
 
 supra),
 
 we held that mandamus could lie to compel State mental hygiene officials to fulfill their statutory duties toward State psychiatric center patients released to local communities, which expressly required enlisting the cooperation and participation of local organizations in providing for patients’ residential and service needs in the community. At most, a public official’s need to enlist the cooperation of others in the performance of statutory duties is a factor to be considered in a court’s exercise of discretion in granting mandamus, but respondents have failed to establish,
 
 *225
 
 as a matter of law, any abuse of discretion by Supreme Court in granting mandamus here.
 

 Accordingly, the order of the Appellate Division should be modified, with costs to petitioners, by remitting the matter to Supreme Court for further proceedings in accordance with this opinion and, as so modified, affirmed.
 

 Chief Judge Kaye and Judges Simons, Bellacosa, Smith and Ciparick concur; Judge Titone taking no part.
 

 Order modified, with costs to petitioners, by remitting the matter to Supreme Court, New York County, for further proceedings in accordance with the opinion herein and, as so modified, affirmed.
 

 [1]
 

 . Administrative Code § 16-304 (added by Local Laws, 1989, No. 19) provides: "The commissioner
 
 shall
 
 * * * establish and implement programs to ensure that the amount of department-disposed of solid waste is reduced or recycled by at least * *
 

 Administrative Code § 16-305 (a) provides: "The commissioner
 
 shall
 
 * * * adopt and implement regulations * * * to ensure that the department and its contractors recycle at least * *
 

 Administrative Code § 16-310 provides: "[T]he commissioner
 
 shall
 
 establish and implement citywide deposit or reclamation programs, that provide separate collection systems or convenient drop-off locations for dry cell batteries and tires to ensure that they are not incinerated or disposed of in an unlined landfill”.
 

 Administrative Code § 16-311 provides: "The commissioner
 
 shall
 
 * * * develop and establish or support the development and establishment of not less than ten recycling centers * * * The commissioner
 
 shall
 
 establish or ensure that there exists at least one buy-back center in each borough.”
 

 Administrative Code § 16-316 (a) provides: "The commissioner
 
 shall
 
 * * * prepare and submit * * * a preliminary citywide recycling plan. The commissioner
 
 shall
 
 * * * prepare and submit * * * a citywide recycling plan and each year thereafter the commissioner
 
 shall
 
 submit * * * an updated plan. The preliminary plan, the plan and each updated plan
 
 shall
 
 include, but need not be limited to [23 specified items]” (emphasis supplied throughout).
 

 [2]
 

 . Local Law No. 72 was passed while respondents’ appeal in the instant case was pending before the Appellate Division.
 

 [3]
 

 . Local Law No. 72 provides in its entirety:
 

 "Section 1. Pursuant to subdivision (c) of section 16-140 of the administrative code of the city of New York, the council hereby grants the authority for the submission, pursuant to article twenty-seven of the New York State environmental conservation law, of the proposed final solid waste management plan for the city of New York, and any amendments thereto, presented to the council pursuant to such subdivision (c) of section 16-140.
 

 "§ 2. This local law shall take effect immediately.”
 

 [4]
 

 . Indeed, the City Council has already passed one such amendment contemplated by the Solid Waste Management Plan, Local Laws, 1992, No. 87, to require source separation of recyclables by commercial generators (Administrative Code § 16-306).