[631 NYS2d 10]

In the Matter of NATURAL RESOURCES DEFENSE COUNCIL, INC., et al., Respondents, v NEW YORK CITY DEPARTMENT OF SANITATION et al., Appellants.

First Department, August 17, 1995

42

APPEARANCES OF COUNSEL

*Janet L. Zaleon* of counsel *(Barry P. Schwartz* on the brief; *Paul A. Crotty, Corporation Counsel* of New York City, attorney), for appellants.

*Michael B. Gerrard* of counsel *(Joanne S. Berman* on the brief; *Arnold & Porter,* attorneys), for respondents.

### OPINION OF THE COURT

NARDELLI, J.

Petitioners originally brought this proceeding to compel respondents' compliance with the provisions of Local Laws, 1989, No. 19 of the City of New York, the New York City Recycling Law (Administrative Code of City of NY § 16-301 *et seq.),* which generally required the Department of Sanitation to establish a comprehensive recycling program for the City of New York and authorizes the promulgation of regulations to implement such a program. We affirmed the prior judgment of the Supreme Court granting petitioners' application (188 AD2d 415) and ordering respondents to comply with certain provisions of Local Law No. 19, and, thereafter, the Court of Appeals modified this Court's order only to the extent of remitting the matter to the Supreme Court for further proceedings, "to reset the timetables, at least some of which have lapsed during the pendency of this litigation" (83 NY2d 215, 220).

The petitioners and respondents conferred with the Supreme Court regarding the development of a revised judgment that would contain new timetables for the City's compliance. The parties also discussed issues with respect to the City's compliance with some of the provisions, and thereafter, the court issued a revised judgment resetting timetables and retaining provisions of the original judgment but also adapting and adding provisions to that judgment.

We modify the revised judgment to delete those portions which exceed the scope of the remittitur of the Court of Appeals and which were not agreed to by both parties.

It has been held, "the remittitur is the mandate of the Court of Appeals which must be strictly followed" *(Eikenberry*

*v Adirondack Spring Water Co.,* 148 AD2d 664, 665, *lv dismissed* 74 NY2d 842, 76 NY2d 935). If the respondents herein (or petitioners) "were uncertain as to the effect to be given the language employed by the Court of Appeals, the remedy was an application to that court" *(supra,* at 665).

*Eikenberry* was, however, a case at law, and in equity cases, such as the case herein, the Court of Appeals has held adapting relief to "the exigencies of new conditions" does not constitute nullification of a remittitur *(Rudiger v Coleman,* 228 NY 225, 233). "It is also well settled that, while upon the remission the Special Term is powerless to change the remittitur, nevertheless, in order to avoid an obviously unjust result it may mold its procedure and adapt its relief to the exigencies of any new facts or conditions which were not before the Court of Appeals when it made its original determination and entered its remittitur." *(Matter of Altimari v Meisser,* 23 AD2d 672, 675.) The court in equity matters, therefore, has discretion to adapt relief on remittitur to effectively enforce the mandate of an appellate court in light of changed circumstances.

As to the matters upon which both petitioners and respondents herein were in agreement, the court should have revised its original judgment, to "adapt its relief to the exigencies" of the "new facts or conditions which were not before the Court of Appeals" *(supra,* at 675), and we find that not to do so was an abuse of discretion. The compromises reached by the parties *inter se* recognized that, since the inception of the proceeding, there had been significant changes which included the completed performance by the City of some of the provisions in the original judgment. Accordingly, the IAS Court in the revised judgment should have incorporated these mutually agreed-upon changes in the judgment. "The parties to a lawsuit are free to chart their own course at the trial *(Stevenson* v. *News Syndicate Co.,* 302 N.Y. 81) and may fashion the basis upon which a particular controversy will be resolved" *(Cullen v Naples,* 31 NY2d 818, 820).

In contrast to these proper changes, other additions and changes to the original judgment, which were concerned with issues contested by the parties on the remittitur, were, in view of the circumstances surrounding the "hearings", improper. Neither the petitioners nor respondents made a motion requesting supplemental relief, unlike the parties in *Rudiger v Coleman (supra).* In addition, the court at the first "hearing" stated: "This is a conference" and later noted "this is not

advocacy or adverse, we are trying to narrow the issues as much as possible during this conference. That's the only purpose. We are not here to receive adverse arguments, we want to assist you in fulfilling your obligations by narrowing the issues". Thereafter, at another session, the court noted "this is not a formal judicial proceeding. This is a conference that was granted by this Court upon the request [of counsel for petitioners] * * * This was done with the complete approval of the Respondent City and The Department of Sanitation. I have conducted a very informal proceeding". Clearly, therefore, upon these facts, the court should *not* have amended the original judgment *except* to the extent agreed to by the parties themselves.

Pursuant to section 16-311 (b), the Recycling Law requires the City's Commissioner of the Department of Sanitation to "establish or ensure that there exists at least one buy-back center in each borough". Moreover, the statute provides that "[f]or economic development purposes, these buy-back centers shall be sited so that they are accessible to all residents, including residents of low income neighborhoods".

The original judgment contains a paragraph which includes a requirement that the City issue requests for proposals or bids for the establishment or support of buy-back centers and award contracts for those facilities. In the supplemental proceedings, petitioners conceded that the City had issued a list of numerous facilities in all boroughs, which buy and accept recyclable materials from the public and which are accessible to low income neighborhoods. Consequently, both the petitioners and the respondents agreed that the court should delete this paragraph from the revised judgment, but the court refused. Accordingly, the provision in the revised judgment which retains the requirement that the City issue and award contracts based on requests for proposals or bids for buy-back centers is stricken. Further, the court added a sentence which was not in the original judgment that respondents "shall submit to the petitioners, Mayor's Office and City Council documentation that existing public and private recycling centers have the combined capacity to process all the material required to be recycled pursuant to Section 16-305". This tracked the language of the statute which permits utilization by the Commissioner of less than the required 10 centers "if the recycling centers have the combined capacity to process all the material required to be recycled pursuant to section 16-305 of this chapter" (Administrative Code § 16-311 [a]). While,

as noted, the sentence is an extension of the statute and does not appear to affect substantial rights of either party, it was not agreed upon by the parties and was not in the original judgment, and, therefore, is also stricken.

Section 16-311 (a) requires that the Commissioner of Sanitation "within eighteen months of the effective date of this chapter, develop and establish or support the development and establishment of not less than ten recycling centers", which shall be "of sufficient size and number to provide for the recycling of all recyclable materials" that Sanitation must collect and recycle under section 16-305. Section 16-311 (a), however, then provides that the Commissioner may utilize *less* than 10 recycling centers "if the recycling centers have the combined capacity to process all the material required to be recycled pursuant to section 16-305". The City submitted lists of recycling centers and contracts and established the existence of processing capacity for 4,285 tons of recyclable materials per day which exceeds the maximum amount of 4,250 tons per day specified in the judgment. As with the buy-back centers, discussed above, the petitioners conceded that the City had complied with the requirement of the original Supreme Court judgment that the City ensure sufficient processing capacity for all the recyclable materials that the City must collect under section 16-305. Despite this agreement, the Supreme Court ordered in its revised judgment that the City's Department of Sanitation "shall take all lawful actions necessary to commence construction of the Staten Island Material Recovery and Recycling facility, already planned and approved for construction pursuant to a 7 year city contract". Accordingly, the decretal paragraph in the revised judgment containing this direction and order is deleted.

In addition, both the original judgment and the revised judgment mandate the submission of a City-wide recycling plan under section 16-316 (a). That section specifies 23 items to be contained in the plan. The revised judgment lists those items separately whereas the original judgment merely refers to the items. However, the parties agreed that the City's Solid Waste Management Plan and other City information had provided analysis of at least 16 of the 23 items, so that resubmission of a plan concerning those items was not necessary. Even so, the revised judgment, as noted, requires Sanitation to submit a plan reiterating all 23 items of analysis. Thus these items shall be deleted from the judgment, except as to items 4, 5 and 20 as to which the City conceded noncompli-

ance, and items 3, 7, 9, and 10, as to which the parties disputed compliance. Moreover, the Supreme Court added a requirement, not specified in the statute, that the recycling plan encompass "citywide proposed programs and planned recycling facilities separation and drop off centers, buy back centers, post collection, and scheduled timetables for construction and completion in each borough". This requirement in the revised judgment differs from the provision of the earlier judgment which consisted of a quotation from the City Council's declaration of legislative intent. The added sentence in the revised judgment is deleted and the provision in the original judgment is substituted for it.

Although Local Law No. 19 did not so provide, the original judgment required the City to submit copies of budgetary allocations of funds for recycling since 1989, along with the number and names of outside contractors and the amounts paid to the contractors. However, the City complied with this requirement by submitting these budget figures and a recent list of processing contractors. While the revised judgment retains the requirement of reporting about budget appropriations and payments to contractors, there was no agreement by the parties as to this provision and, accordingly, it shall not be deleted and shall remain in the revised judgment. Also the court added a new provision to the revised judgment requiring reporting on the tonnage collected and recycled by private carting companies who collect waste from businesses since the law took effect. The court disregarded the City's explanation that the Recycling Law does not require either the carters or the City to maintain data on the waste recycled by private carters, and that the City does not have complete data, especially for past years. In any event, this also was not in the original judgment and was in dispute, and, therefore, is deleted.

Due to the successive appeals by the respondents-appellants, compliance with certain of the provisions of Local Law No. 19 has been postponed for over three years. Due to the present appeal and the automatic stay granted a political subdivision of the State (CPLR 5519 [a] [1]), the timetables reset by the IAS Court have either expired or will expire shortly. To prevent any further delay, the Supreme Court should restrict any conference solely to setting such timetables, and any further negotiation between the parties as to other matters in such conference should be precluded.

Accordingly, the judgment of the Supreme Court, New York

County (Irma Vidal Santaella, J.), entered May 23, 1994, which, *inter alia,* established revised timetables for respondent City's compliance with various provisions of Local Law No. 19 of 1989 (Administrative Code § 16-301 *et seq.)* pursuant to a remittitur from the New York State Court of Appeals, is modified, on the law and facts, to the extent of deleting various provisions of the revised judgment and of adding certain provisions previously agreed to by the parties, as detailed in this decision, and otherwise affirmed, without costs or disbursements, and the matter remanded to the Supreme Court for further proceedings consistent with the decision, including the revision of the timetables.

ELLERIN, J. P., WALLACH, TOM and MAZZARELLI, JJ., concur.

Judgment, Supreme Court, New York County, entered May 23, 1994, modified, on the law and facts, to the extent of deleting various provisions of the revised judgment and of adding certain provisions previously agreed to by the parties, as detailed in this Court's opinion, and otherwise affirmed, without costs or disbursements, and the matter remanded to the Supreme Court for further proceedings consistent with the opinion of this Court, including the revision of the timetables.