■ In the Matter of NEIGHBORS AGAINST GARBAGE et al., Respondents, v JOHN J. DOHERTY, as Sanitation Commissioner of the City of New York, et al., Appellants. [665 NYS2d 649] —Order and judgment (one paper), Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about March 21, 1997, which, in a proceeding pursuant to CPLR article 78, declared that respondents are not in compliance with the mandate of Administrative Code of the City of New York § 16-131 (b) (as added by Local Laws, 1990, No. 40 of the City of New York [Local Law 40] § 6) that they adopt rules for the siting of transfer stations and dumps, and directed respondents to commence without delay the "necessary steps which shall lead to the adoption of [such] rules", unanimously affirmed, without costs.

We agree with the IAS Court that respondents have failed to comply with Local Law 40's directive that they adopt rules "establishing * * * requirements * * * concerning siting of dumps * * * [and] transfer stations * * * in relation to other such facilities, residential premises and/or other premises for which such requirements may be appropriate" (*ibid.*), which directive is mandatory, not discretionary, rendering the dispute justiciable (*see, Matter of Natural Resources Defense Council v New York City Dept. of Sanitation*, 83 NY2d 215, 221). The plain language of the 1991 and 1994 rules adopted by respondents, which they claim satisfied the mandate of Local Law 40, shows that they address the permitting, design, operation and maintenance of transfer stations, but not their clustering and proximity, which would be the purpose of siting rules. While a practical result of the operation and design rules of 1991 and 1994 may be that the number of transfer stations has been reduced, this circumstance does not address the problem of their clustering in particular neighborhoods and proximity to residences, schools and parks. Concur—Milonas, J. P., Rosenberger, Nardelli, Rubin and Mazzarelli, JJ.