■ In the Matter of JAMES KAHN et al., Petitioners, v JOEL PASNIK et al., Respondents, and LCS REALTY Co., INC., Appellant. [712 NYS2d 361] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the Incorporated Village of Roslyn dated December 6, 1994, which, after a hearing, approved the application of LCS Realty Co., Inc., for site plan approval for the construction of a shopping center, the appeal, as limited by the appellant's brief, is from so much of an order of the Supreme Court, Nassau County (Davis, J.), dated December 14, 1998, as denied its motion to direct the respondent Board of Trustees of the Incorporated Village of Roslyn to comply with (1) an order of the Court of Appeals dated October 30, 1997, affirming a decision and order of this Court, dated September 18, 1996, *inter alia*, affirming a judgment of the Supreme Court, Nassau County (Segal, J.), annulling the determination and remitting the matter to the Board of Trustees of the Incorporated Village of Roslyn for the preparation of a supplemental environmental impact statement, and (2) a judgment of the Supreme Court, Nassau County, entered November 12, 1997, upon the decision and order of this Court and the order of the Court of Appeals.

Ordered that on the Court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the appellant's motion is granted, and the matter is remitted to the Board of Trustees of the Incorporated Village of Roslyn for preparation of a supplemental environmental impact statement.

The Supreme Court improperly denied the appellant's motion insofar as it sought to direct the Board of Trustees of the Incorporated Village of Roslyn, sitting as the site review board (hereinafter the Board), to prepare a supplemental environmental impact statement (hereinafter SEIS) with respect to the ap-

pellant's construction project. On a prior appeal this Court, *inter alia*, in effect, affirmed a judgment of the Supreme Court, Nassau County, dated September 15, 1995, which, among other things, directed the Board to prepare a SEIS (*see, Matter of Kahn v Pasnik,* 231 AD2d 568). The Court of Appeals affirmed the decision and order of this Court (*see, Matter of Kahn v Pasnik,* 90 NY2d 569). Contrary to the Supreme Court's conclusion, the decision of the Court of Appeals contains a "mandate * * * which must be strictly followed" (*Eikenberry v Adirondack Spring Water Co.,* 148 AD2d 664, 665). Accordingly, the appellant's motion must be granted (*see, Eikenberry v Adirondack Spring Water Co., supra; Matter of Kahn v Pasnik,* 90 NY2d 569, *supra*). Santucci, J. P., McGinity, Luciano and Schmidt, JJ., concur.