Gramercy Park Residence Corp. v Ellman (2018 NY Slip Op 04424)





Gramercy Park Residence Corp. v Ellman


2018 NY Slip Op 04424


Decided on June 14, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2018

Acosta, P.J., Manzanet-Daniels, Tom, Mazzarelli, Moulton, JJ.


603071/02 6864 6863

[*1]Gramercy Park Residence Corp., Plaintiff-Respondent,
v
Elaine Ellman, Defendant-Appellant.


Collins, Dobkin & Miller LLP, New York (Timothy L. Collins of counsel), for appellant.
Randall T. Sims, New York, for respondent.



Order, Supreme Court, New York County (Milton A. Tingling, J.), entered July 14, 2014, which granted plaintiff's motion for summary judgment dismissing defendant's first counterclaim seeking to have plaintiff restore the sunshade on defendant's terrace, unanimously affirmed, without costs. Order, same court (Nancy M. Bannon, J.), entered October 16, 2015, which, upon reargument, inter alia, granted plaintiff's motion for summary judgment to the extent of awarding it attorneys' fees and costs, and referring the matter to a judicial hearing officer or a special referee to hear and report, unanimously affirmed, without costs.
In this action, defendant, Elaine Ellman, had a sunshade on the terrace of her cooperative apartment, and enclosed it to create another room without obtaining the permission of plaintiff Coop. The Coop sued for the cost of removing the enclosed structure, and Ellman asserted a counterclaim against the Coop seeking to have them reimburse her for the cost of restoring the sunshade. Protracted litigation ensued, and in 2005, Supreme Court granted Ellman summary judgment on her counterclaim and awarded her legal fees. In 2006, Ellman signed a broad release of all claims against the Coop incurred prior to June 29, 2006. The Coop subsequently appealed from the 2005 order, and this Court modified to deny Ellman's motion for summary judgment and remanded the case for further proceedings "to resolve the issue of who built the [sunshade]" (96 AD3d 423, 424 [1st Dept 2012]). The release was not part of the record on appeal for the 2005 summary judgment order, and was not considered by this Court. Following this Court's order determining that appeal, the Coop moved for summary judgment dismissing the counterclaim based upon the release, and Supreme Court granted that motion and awarded the Coop attorneys' fees and disbursements.
While Supreme Court is powerless to change a remittitur from this Court, "nevertheless, in order to avoid an obviously unjust result it may mold its procedure and adapt its relief to the exigencies of any new facts or conditions which were not before the [appellate court] when it made its original determination and entered its remittitur" (Matter of Altimari v Meisser, 23 AD2d 672, 675 [2d Dept 1965]; see Matter of Natural Resources Defense Council v New York City Dept. of Sanitation, 214 AD2d 41, 43 [1st Dept 1995]). Here, the release is a "new fact" that was not considered by this Court, and Supreme Court properly determined that it would be unjust to ignore its existence and proceed with the litigation.
Furthermore, Ellman's lease clearly provides that the Coop is entitled to legal fees and [*2]disbursements for defending a counterclaim related to Ellman's default under the lease, namely the erecting of the enclosed structure, and Supreme Court properly referred the matter for a determination of the amount owed.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 14, 2018
CLERK