PEOPLE ex rel. JOHN BLOY, Plaintiff, *v.* ANGELO J. WALKER, GEORGE McEWAN and MURRAY BARNES, the President and Trustees of the Village of Avoca, N. Y., Defendants.

(Supreme Court, Steuben Special Term, December, 1920.)

Mandamus — when will lie — villages — statutes — Village Law, § 166.

> Section 166 of the Village Law, which provides that the board of trustees may cause a sidewalk or part thereof to be constructed, etc., imposes both discretionary and mandatory duties upon the board of trustees.
>
> Upon the presentation of a petition for the construction of a sidewalk, signed by the owners of more than one-half of the frontage on the street, it is the duty of the trustees to order a hearing in accordance with the statute and make a determination, and mandamus lies to compel the performance of such duty.

APPLICATION for peremptory writ of mandamus.

Floyd W. Annabel, for petitioner.

Edwin S. Brown, for respondent.

THOMPSON, J.    Petitioner claims that more than a year has elapsed since he filed with defendants a petition under section 166 of the Village Law praying that such action as might be necessary for the construction of a sidewalk, the expense of which should be wholly borne by the abutting owners, should be taken. The petition was signed by more than one-half of the owners of land having a frontage on the street in question. It seems that the respondents have taken no action on the petition and petitioner prays that mandamus issue '' commanding them to convene and

take necessary and proper steps as required by law to cause a sidewalk to be laid along said Vroman street and for such other or further relief in the premises as may be proper, just and equitable.''

Section 166 of the Village Law provides that the board of trustees *may* cause a sidewalk, or part thereof, to be constructed wholly at the owner's expense, upon a petition signed by the owners of more than one-half of the frontage on the street or on the side thereof proposed to be improved; but the section further provides that in such case a hearing shall be given thereon to all persons interested, on a notice of at least ten days.

It is fundamental that the courts will not mandamus the exercise of a discretionary power. In order to enforce by mandamus a ministerial duty the obligation must be peremptory and plainly defined; the law must not only authorize the act but it must require the act to be done. So where the statute imposing upon the officer the duty sought to be coerced is couched in permissive terms, this has been held to confer upon him a discretionary power as to the performance of the act and not to impose upon him a clear legal duty to act, and that therefore mandamus will not issue to control his discretion. 18 R. C. L. 119; 26 Cyc. 298.

It is true that the courts have held that in some instances the use of the word '' may '' imposes a positive duty and not a discretion, the test to be applied being, does the statute under consideration, when taken as a whole, and viewed in the light of surrounding circumstances, indicate a purpose on the part of the legislature to enact a law mandatory in its character? *Cain* v. *City of Syracuse,* 95 N. Y. 83; *Phelps* v. *Hawley,* 52 id. 23; *People ex rel. Hilliker* v. *Pierce,* 64 Misc. Rep. 627; *People ex rel. Doscher* v. *Sisson,* 222

38

N. Y. 387; *Mississippi ex rel. Greaves* v. *Henry,* 5 L. R. A. (N. S.) 340 and case note; 26 Cyc. 1590.

This statute imposes both discretionary and mandatory duties upon the board of trustees. In my view when a petition proper in form is presented, it is the duty of the trustees to order a hearing and to give at least ten days' notice to all persons interested therein. Within a reasonable time, after the hearing is concluded, it is the further duty of the trustees to make up their decision and give it proper legal effect by ordinance or otherwise. In case the petition is granted, the decision shall specify the part of the street upon which the sidewalk is to be constructed and the material to be used, together with the other proper directions expressly authorized by the section. It is clear that the board of trustees cannot be mandamused to decide these questions in any particular way, the statute expressly providing that it is the forum by which they are to be tried and determined, and the courts holding that where municipal authorities are given discretion to act or refrain therefrom, their discretion cannot be controlled; but they may be required to sit upon and hear an application for the exercise of their discretion. 18 R. C. L. 245.

In accordance with these views a writ of mandamus may issue commanding the respondents to grant a hearing upon the petition herein in accordance with the provision of the statute, and that a determination thereon specifying the matters required by the statute to be decided, be reached by the defendants within a reasonable time after the close of the hearing, and that within a reasonable time thereafter, the trustees proceed to give legal effect to their decision so arrived at. Costs to petitioner.

Ordered accordingly.