EDNA BARR and SADIE SPORN, on Behalf of Themselves and All Others Similarly Situated, Appellants, v. ALGON REALTY CORPORATION, LOUIS C. KAYE, HERMAN KISHNER, BURT BERNHEIM, Respondents.— Action for judgment declaring (1) that plaintiffs have easements in a sewer system in a real estate development, burdened only with easements in every other owner except owners of multiple dwellings; (2) that the right of defendant Algon Realty Corporation to connect the building on this property with the sewer system be restricted in accordance with the relief first demanded; (3) that the proposed construction of the Algon apartment house will constitute a nuisance; and (4) that defendants be perpetually enjoined from constructing the multiple dwelling and from connecting it with the sewer. Judgment dismissing complaint on the merits unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ. [166 Misc. 177.]

DAVID A. FISHER, WILLIAM NEDDERMAN and JENNIE O'BRIEN, on Behalf of Themselves and All Others Similarly Situated Who May Come in and Join the Plaintiffs in this Action, Appellants, v. MANHATTAN BEACH ESTATES, MANHATTAN BEACH REALTY CORPORATION, JOSEPH P. DAY, INC., THE CITY OF NEW YORK, ALGON REALTY CORPORATION and MILMOR CONSTRUCTION CORPORATION, Respond-. ents.— Action for judgment directing that covenants contained in the original deed and in subsequent deeds be specifically enforced; adjudging that Manhattan Beach Estates dedicated certain eight-foot strips of land to carry out the purpose of the easements and held the mere naked title as trustee; that the conveyances of the strips to construction companies are invalid; that since the conveyance of the strip to Algon Realty Corporation is invalid, the land on Oriental boulevard between Beaumont and Coleridge streets, upon which the Algon apartment house is built, cannot be considered as one block; that, because of the requirement that an owner cannot build on a corner plot more than fifty per cent of the area of the plot, the apartment house is a violation under the zoning law; that the sales of parts of strips to large numbers of grantees violate the easement rights of various owners of land adjacent to the strips; and directing that defendant the City of New York be restrained from granting permits to connect the apartment houses with the lateral sewers. Judgment dismissing the complaint on the merits unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ. [166 Misc. 177.]