In the Matter of WILLIAM J. CHARLES, Appellant, *v.* HENRY DIAMOND, as Commissioner of Environmental Conservation, et al., Respondents.

Fourth Department, July 6, 1973.

*Oot, Greene, Setright, Hershdorfer & Sharpe* (*Victor J. Ciabotti* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Martin H. Schulman, Ruth Kessler Toch* and *Stanley Fishman* of counsel), for Henry Diamond, respondent.

*Eli Gingold, County Attorney* (*Hugh C. Gregg, II*, of counsel), for William Harris, respondent.

*Alexander J. Hersha* for Village of Camillus, respondent.

SIMONS, J. This is an appeal from a judgment which granted respondents' motion to dismiss this article 78 proceeding on the ground that the petition fails to state a cause of action. On review we assume the truth of all the statements contained in the pleading and consider them in the light most favorable to the pleader (*Matter of Hassett* v. *Barnes,* 11 A D 2d 1089).

Petitioner alleges that he owns land in the Village of Camillus, New York. He wishes to build an apartment project on it and the Village Board has approved the construction and authorized the Mayor to approve the connection of the project to the village sewer system. However, since 1966 the respondent, New York State Department of Environmental Conservation (and its predecessor) has enjoined new extensions of the village sewer system because the sewage treatment facilities are inadequate and the village is discharging pollutants from its sewer system into the waters of Nine Mile Creek. The order of 1966, predicated upon a stipulation of the material facts by the parties, required a treatment facility to be completed by 1969. Correspondence between the department and the village, set forth in the record, refers to the "long-standing pollution" problem and the village's obligation to "minimize" it by temporary measures while preparing a new facility to correct the situation. Petitioner claims that the village has done nothing and that at this time it has no concrete plans to comply with the order. The department has not enforced the construction provisions of the order and states that that part of the order is "in abeyance." Nevertheless, until the village complies, the Department of Environmental Conservation refuses to approve petitioner's application to connect to the village sewer system.

The petitioner initiated this proceeding claiming that the actions of the respondents are illegal and arbitrary and result in the unconstitutional confiscation of his property. The Department of Environmental Conservation, and the County Health Department moved for dismissal claiming that they had no legal

obligation to the petitioner that had been abused and that they acted within their statutory authority to regulate pollution of public waters and were properly performing that function by attempting to regulate the municipal sewage outlet which discharges pollutants into Nine Mile Creek by regulating the owner of the system (see 10 NYCRR Appendix 72-B 21). In the alternative, they contend that even if petitioner has standing to challenge these acts, their conduct consisted of legal, discretionary acts not subject to mandamus or review under article 78.

The village moves for dismissal on the grounds that it has not performed any illegal or arbitrary acts. It asserts that it granted petitioner the requested permission to connect with the sewer system and only the State's sanction prevented his use of his property. In any event, it asserts its conduct consisted of legal, discretionary acts not subject to mandamus or review by the courts.

The petition states grounds for relief and the order should be reversed and the motions to dismiss denied.

The petitioner owns land which by law must be connected to village sewers before it may be developed. That restriction is a proper exercise of the village's police powers (*Hutchinson* v. *City of Valdosta*, 227 U. S. 303). However, the converse of that requirement is that a taxpayer, upon payment of appropriate charges, may demand that his property be served by the sewer system (cf. *Barr* v. *Algon Realty Corp.*, 166 Misc. 177, 183, affd. 255 App. Div. 869, mot. for lv. to app. den. 280 N. Y. 849; and see *People ex rel. Hilliker* v. *Pierce*, 64 Misc. 627; *Matter of Dexter Sulphate Pulp & Paper Co.* v. *Shaver*, 183 Misc. 275 [water supply]; *People ex rel. Bloy* v. *Walker*, 113 Misc. 592 [sidewalks]). Because of the department's order and the failure of the village to comply with that order, petitioner has been denied the right to connect to the sewer system and lawfully to develop his property. Furthermore, even though it is apparent that the village has not complied with the order of 1966, the department has not taken steps to enforce correction of the treatment facilities and contemplates none*.

It may be that the department's use of persuasion and restrictions on expansion is the most advisable course of action to induce compliance by the village under all the circumstances.

---

* It does not appear whether all development in the village has ceased for seven years because of the order, which seems unlikely, or whether the State's proscription on connections has discriminated against only certain property owners.

Certainly we do not suggest that the restraint imposed was improper or that limitations should be placed on the department's statutory powers to control pollution (see ECL, § 17–0303). Be that as it may, when related solely to this case and without the benefit of answering pleadings or proof, the posture respondents have assumed leaves petitioner hopelessly frustrated in any fruitful effort to develop his property.

In short, the village is mandated by a lawfully correct regulatory order to act to rectify an unhealthy, polluting condition which admittedly exists. It has not only failed to comply with the regulatory order but because of that failure it is not able to perform its legal obligation to permit petitioner to connect the proposed developments on his property with the municipal sewer system. Over seven years have passed since that order was issued and it is claimed not that progress towards correction is incomplete but that there has been no progress at all. While the court may not tell these coequal branches of government how to perform their responsibilities in the matter, we may tell them that they must act. The village's problem has been defined and the general requirements for solution are apparent. It is not a matter of choice whether the village will or will not comply with the order of the department. Its officials recognize the validity of the order. If indeed the respondents have no justification for failing to perform the legal duties imposed upon them, then the court should supply the necessary kinetic energy to resolve the problem and order performance. (See *People ex rel. Harris* v. *Commissioners of Land Office,* 149 N. Y. 26.) The petition states a cause of action under article 78.

It also states a cause of action on constitutional grounds. It is axiomatic that the use of private property may be regulated in the public interest and even a total restriction on the use of the property has been tolerated temporarily (see *Matter of Golden* v. *Planning Bd. of Ramapo,* 30 N Y 2d 359). But there is a limit as to how far the police powers may be used to disadvantage interests in private property and "if regulation goes too far it will be recognized as a taking." (*Pennsylvania Coal Co.* v. *Mahon,* 260 U. S. 393, 415; *Arverne Bay Constr. Co.* v. *Thatcher,* 278 N. Y. 222, 231.) The police powers may not be used to restrict the use of petitioner's property indefinitely when the corresponding benefit to the public is negligible or nonexistent. Petitioner has not contributed to the pollution caused by the discharge of sewage but only he and others similarly situated are penalized for the inadequacy of the sewage

treatment facilities. As the Court of Appeals stated in *Westwood Forest Estates* v. *Village of South Nyack* (23 N Y 2d 424, 427): "A municipality has, of course, the power to take appropriate steps to deal with sanitation problems, including those created by inadequate biological treatment of sewage. The instant sanitation problem is, however, general to the community and not caused by the nature of plaintiff's land (see *De Sena* v. *Gulde,* 24 A D 2d 165, 171). It is, therefore, impermissible to single out this plaintiff to bear a heavy financial burden because of a general condition in the community (*De Sena* v. *Gulde, supra*; *Opgal, Inc.* v. *Burns,* 20 Misc 2d 803, 806–809, affd. 10 A D 2d 977, affd. 9 N Y 2d 659, mot. to amend remittitur den. 9 N Y 2d 717)."

The judgment should be reversed and the petition reinstated.

DEL VECCHIO, J. P., MARSH, WITMER and HENRY, JJ., concur.

Judgment unanimously reversed on the law with costs and petition reinstated.

