OPINION OF THE COURT
John G. Connor, J.
Petitioner seeks a judgment in the nature of mandamus to compel respondent to assess, determine and collect certain sales, use and franchise taxes allegedly due and owing the State from certain persons herein described. Respondent moves to dismiss on the grounds that petitioner lacks standing, that the petition fails to state grounds upon which the relief sought may be granted, and that petitioner is not entitled to the mandamus relief sought. For purposes of respondent’s motion the allegations of the petition are accepted as true.
Petitioner is an independent distributor of petroleum products, and also the owner and operator of gas stations and *282 convenience stores selling tobacco products at retail in the counties of Cattaraugus, Allegany and Chautauqua. The petition alleges certain taxable conduct on the part of two corporations and one individual, business competitors of the petitioner, against which petitioner seeks to compel respondent to enforce the tax laws of the State.
Maurice John, also known as Moe John (John), is a Seneca Indian who operates a retail outlet on the Allegany Indian Reservation in Chautauqua County, selling motor fuel and cigarettes to the public. John’s clientele consists of both Indians and non-Indians. Herzog Brothers, Inc. (Herzog) is a Pennsylvania corporation and a wholesale distributor of motor fuel, supplying John motor fuel for resale to the public. Milhem Attea & Bros., Inc. (Attea) is a New York corporation and a wholesale dealer of cigarettes and tobacco products, supplying cigarettes to John for resale to the public.
Petitioner alleges that, since June 1984 and September 1983, respectively, Herzog and Attea have engaged in such business with John on a “tax-free” basis, i.e, that they have failed to collect and remit applicable taxes due the State upon sale of motor fuel and cigarettes, including taxes due under Tax Law articles 12-A and 28, have failed to affix and cancel tax stamps indicating the payment of State taxes due upon the sale of cigarettes under Tax Law § 473 and 20 NYCRR 334.1, and have failed to collect applicable sal(es taxes due upon sale of cigarettes under Tax Law article 28.
Petitioner’s position is that, while sales from an Indian retailer on an Indian reservation to other Indians enjoy certain exemptions from taxation under the Tax Law, such sales to non-Indian customers are not so exempted, and are subject to tax. Petitioner alleges that, while respondent is and has been aware of the taxable nature of the above transactions alleged between Herzog, Attea, John and the non-Indian public, respondent has failed to perform his mandatory duties under the Tax Law to assess, determine and collect such taxes, despite petitioner’s demands that he do so. Finally, petitioner will suffer ongoing damages in its business activities, due to its inability to lawfully compete with the lower prices set by John for motor fuel and tobacco with the benefit of the illegal “exemption” from taxation resulting from respondent’s failure to perform his duty.
The issues raised by the Attorney-General on behalf of respondent resolve into consideration of the justiciability of petitioner’s grievance and petitioner’s standing to seek relief in this court.
*283 Respondent claims this controversy is not justiciable, because petitioner seeks to have the court inteiject itself into a complex area of policy making involving the manner of enforcement of the tax laws, which involves the exercise of judgment and discretion on the part of officers of the executive branch of the State government. (Matter of New York State Inspection, Security & Law Enforcement Employees v Cuomo, 64 NY2d 233.)
It cannot be denied that the legal issues raised by the taxation by a State of transaction by or between American Indians are complicated, as the Supreme Court of the United States has had occasion to observe. (Washington v Confederated Tribes, 447 US 134; Moe v Salish & Kootenai Tribes, 425 US 463.) However, it is no longer sufficient answer to a justiciability question merely to assert that “the activity contemplated on the State’s part may be complex and rife with the exercise of discretion.” (Klostermann v Cuomo, 61 NY2d 525,530.) What must be distinguished, according to our State’s highest court, are “those acts the exercise of which is discretionary from those acts which are mandatory but are executed through means that are discretionary.” (Klostermann v Cuomo, supra, at p 539.)
The thrust of the petition before the court is not to oversee the method by which respondent undertakes to enforce the tax laws, but merely to compel him to recognize, accept and perform mandatory duties imposed upon his office by law. So framed, the petition does not present a nonjusticiable controversy. Moreover, under the facts alleged mandamus is a proper remedy, for the general principal is that mandamus will lie against an administrative official only to compel him to perform a legal duty, and not to direct how he shall perform that duty. (People ex rel. Schau v McWilliams, 185 NY 92, 100.)
With respect to the question of standing, the main issue is whether petitioner, as an individual taxpayer and competing business entity, may by a CPLR article 78 proceeding challenge a wholesale exemption from the tax laws, granted by respondent through his inaction to another business entity, due to the status of its proprietor as an Indian operating on Indian territory. The court is constrained by the holding in Matter of Dudley v Kerwick (52 NY2d 542) to find that it may. The petition, in language which closely tracks that of the cited decision, accuses respondent of “virtually ignoring statutory guidelines” in failing to act or cause action to be taken to enforce the tax laws with respect to petitioner’s competitors. While it may appear the fears expressed by Judge Gabrielli’s dissent in Dudley (supra) have proven well founded, the court holds petitioner has standing to pursue the petition.
*284 Having ruled that the petition presents a justiciable issue and that petitioner possesses standing, it remains for the court, nevertheless, to dismiss without prejudice the petition herein since necessary parties such as Maurice John, Herzog and Attea have not been joined as parties respondent. (Matter of Dudley v Kerwick, supra, p 552; CPLR 1001 [a].)