■ In the Matter of St. Regis Mohawk Development Corporation et al., Appellants, v Melvin D. Nemier, as Sheriff of Franklin County, Respondent.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Plumadore, J.), entered December 27, 1989 in Franklin County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to compel respondent to enforce a previous order granting petitioners a preliminary injunction.

Petitioners commenced a civil suit against two members of the St. Regis Mohawk Indian tribe. In that action, Supreme Court issued a temporary injunction directing the two members to relinquish control and possession of a bingo hall located on the Indian Reservation. The order included an enforcement provision which authorized and directed any enforcement agency of competent jurisdiction to assist in its execution. When the two members refused to comply with the order, petitioners commenced contempt proceedings, which apparently are pending. Additionally, petitioners requested respondent to implement the order. When respondent refused, petitioners instituted this CPLR article 78 proceeding in which they seek an order directing respondent to enforce Supreme Court's order. Supreme Court, concerned in part for public safety, dismissed the petition.

Respondent's brief describes the unrest existing on the St. Regis Mohawk Indian Reservation at the time the injunction was issued. "Throughout the period of time involved in this

matter the reservation has been patrolled by the Warrior Society, a vigilante group armed with semi-automatic weapons. The Warriors apparently seek to protect Indian interests in gambling institutions. They are opposed by an anti-gambling faction, which also appears to be armed. At various times the reservation has been blockaded by Indians and by the New York State Police. The most recent blockade commenced in March. Until May 1, 1990 the State Police would not enter upon the reservation. On that date there were two deaths, and the State Police have entered the reservation en masse. Thousands of rounds of bullets have been fired. Buildings have burned, property has been destroyed, and people have been severely injured and killed." Although the accuracy of this descriptive narrative is not seriously impugned, petitioners argue nonetheless that a "concern for public safety" does not excuse respondent "from performing his statutory duties".

Mandamus is an extraordinary remedy; its issuance is largely guided by principles of equity *(Matter of Cromarty v Leonard,* 13 AD2d 275, 287, *affd* 10 NY2d 915; *see, Matter of General Bldg. Contrs. v Board of Trustees,* 42 AD2d 660, 661). If granting the requested relief would cause public disorder, it is a sounder exercise of judicial discretion to deny the request *(see, Matter of Andresen v Rice,* 277 NY 271, 282; *People ex rel. Upchurch v Gittleson,* 41 AD2d 605; *Matter of Ahern v Board of Supervisors,* 7 AD2d 538, 545, *affd* 6 NY2d 376). Supreme Court, conscious that bringing its order to bear could exacerbate the turmoil already pervading the Indian Reservation, dismissed the petition *(compare, Matter of Boung Jae Jang v Brown,* 161 AD2d 49, 57). Irrespective of whether petitioners have a strict legal right to the relief demanded, we are of the view that Supreme Court's refusal to order respondent to enforce the injunction was a proper exercise of its discretion.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.