OPINION OF THE COURT
Conrad H. Lang, Jr., J.
This CPLR article 78 proceeding is brought in the nature of mandamus to obtain judgment compelling the respondents to determine, assess, collect and enforce New York State, excise and sales taxes pertaining to the sale of tobacco products and motor fuel to non-Indians by Indian retailers on Indian reservations within New York State. The proceeding was commenced more than three years ago and has an extensive litigation history. After initially determining the petitioners had standing to maintain this proceeding, the Supreme Court (Harris, J.) conditionally granted petitioners’ application (169 Misc 2d 906; 170 Misc 2d 445). Upon appeal to the Appellate Division, Third Department, the judgments of the Supreme Court were modified, and, as modified, affirmed (230 AD2d 338). In the Court of Appeals, the judgment of the Appellate Division was reversed and the matter remanded to this court for further proceedings (92 NY2d 204).
Petitioners, New York Association of Convenience Stores and National Association of Convenience Stores, are not-for-profit corporations who allegedly represent the interests of convenience stores which compete with on-reservation Indian retailers. The remaining petitioners, M.W.S. Enterprises, Inc. and Sugarcreek Stores, Inc., allegedly operate stores in close proximity to Indian reservations and in competition with stores run by on-reservation Indian retailers. The petitions claim determinations of the State respondents not to enforce the subject tax laws (Tax Law arts 12-A, 20, 28) has resulted in the ability of the on-reservation retailers to sell products at a reduced price and has caused the petitioners loss of business and economic injury. Before this court, the petitioners argue that the respondents’ policy of nonenforcement of the said tax laws is an unconstitutional usurpation of legislative authority and a violation of the petitioners’ equal protection rights under State and Federal Constitutions.
Prior relevant litigation has established that Federal law prohibits the collection of the subject taxes with respect to *591 goods sold on Indian reservations to tribal members. Such taxes, however, may be collected with respect to goods sold on reservations to non-Indian consumers. Finally, it is further established that Indian traders are not immune from State regulations with respect to the assessment and collection of lawful State taxes (see, 92 NY2d, supra, at 209, 210, citing Moe v Salish & Kootenai Tribes, 425 US 463; Washington v Confederated Tribes, 447 US 134; Department of Taxation & Fin. v Milhelm Attea & Bros., 512 US 61).
In Department of Taxation & Fin. v Milhelm Attea & Bros, (supra), the Supreme Court held, inter alia, that the then promulgated New York regulations designed to collect the subject taxes were not preempted by Federal law. Although the State’s authority for such tax collection was thus established, the State respondents determined to delay the enforcement of the tax collection regulations. As stated in the Court of Appeals opinion (92 NY2d, supra, at 210): “The reasons given for this delay included the need to finalize the [tax collection] plan’s technical details, the need to assess the regulations against the ‘several potential legal obstacles to enforcement’ that had been highlighted by the Supreme Court’s opinion and, finally, the pendency of ‘serious discussions with several Indian Nations regarding our respective sovereign concerns.’ ” When the delay in enforcement continued, this proceeding was commenced.
In the previous litigation of this matter, consideration was given to the issue of the propriety of what was considered to be a prolonged, but temporary, suspension of tax collection efforts. It was in this posture that the matter was argued before all prior courts, including the Court of Appeals. Subsequent to the time the matter was presented at the Court of Appeals, but prior to the issuance of that Court’s opinion, the Department of Taxation and Finance, however, repealed the regulations reviewed by the United States Supreme Court in Milhelm (supra). These regulations provided the only mechanism for the collection of the subject taxes. The Court of Appeals, taking judicial notice of this development, determined that while the repeal of the tax collection regulations did not render this proceeding moot, the act “so altered the landscape” in which the controversy was presented that it would be unwise and unsound to resolve it on the basis of the arguments presented. Having reached this conclusion, the Court of Appeals remanded the matter to this court, “so that the parties can consider the need, if any, for further submissions and the court can *592 reconsider the dispute in light of the Tax Department’s newly minted long-term policy of abstaining from taking active measures to enforce the legislatively mandated excise and sales taxes on motor fuel and cigarettes destined for sale on Indian reservations” (92 NY2d 204, 215, supra).
A reading of the opinion of the Court of Appeals establishes that the issue of the petitioners’ standing has now been determined as have all issues with respect to the nature of the petitioners’ claim. Specifically, the petitioners’ standing is established and prior holdings that the respondents’ actions are by nature race-based discrimination resulting in the necessity to apply a “strict scrutiny” analysis have been rejected. The Court of Appeals has determined that the respondents did not engage in race-based discrimination and that the petitioners’ cause is in the nature of an equal protection claim to be determined by a rational basis standard. Accordingly, while prior litigation of this matter has been extensive and complex, the issue before this court has narrowed to the question of whether there is a rational basis for the determination of the State respondents to repeal the tax collection regulations and cease efforts to enforce the collection of tobacco product and motor fuel excise and sales taxes connected to sales of such commodities by Indian retailers to non-Indian consumers.
Before proceeding to ah examination of the reasonableness of the State’s actions, it is first noted that the respondents cannot be charged with having committed in isolation the act of ceasing all efforts at the subject tax collection. Whether or not this in and of itself would be a reasonable act in the circumstances attendant, it is factually found from the submission to this court that the State actions were undertaken in conjunction with detailed legislative proposals, which, if enacted, would result in a legislative solution of the matter. (Reference is made to this proposal in the Court of Appeals opinion. See, 92 NY2d 204, 214, n 3, supra.) Primarily for this reason, the petitioners’ position that the respondents’ policy of nonenforcement of tax collection constitutes an unconstitutional usurpation of legislative authority is rejected. Indeed, the respondents have here convincingly demonstrated not an intent to usurp legislative authority, but rather that they have concluded that the most reasonable resolution of the underlying problem is to be found in legislative action. Moreover, the issue of whether or not legislative authority has been usurped was not discussed by the Court of Appeals and was not at least specifically remanded for this court’s determination.
*593 In applying the rational basis standard to the actions of the respondents, attention must be given to the respondents’ efforts with respect to the enforcement and collection of the subject taxes. These efforts are detailed in the December 15, 1998 affirmation of Steven U. Teitelbaum, Esq., Deputy Commissioner and Counsel of the respondent Department of Taxation and Finance. As stated in this undisputed affirmation, an earlier version of the repealed regulations was promulgated in 1988. The implementation and enforcement of these regulations was delayed by the litigation which culminated in the 1994 decision of the United States Supreme Court in Department of Taxation & Fin. v Milhelm Attea & Bros. (512 US 61, supra). These regulations, essentially upheld by the United States Supreme Court, were amended and attempts to enforce them were then undertaken. The majority of Indian reservation retailers, however, refused to comply with the regulations and since Indian tribes possess substantial attributes of sovereignty, the respondents’ enforcement powers were limited. Notably, Indian tribes have immunity from suit and cannot be sued to accomplish tax collection. This immunity extends to tribal retailers. Further, because of the unique nature of Indian reservations, the Department of Taxation and Finance cannot send auditors to examine the retailers’ books and records, nor can this Department compel the reservation retailers to attend audits held off of the reservations, or compel the production of books and records. The respondents cannot seize property on Indian reservations, nor can the Department levy tax liens upon reservation property. The seizure of shipments of motor fuel or tobacco products destined for sale upon reservations did not prove to be an effective enforcement tool. It is shown that the attempts at enforcement of the collection regulations resulted in the blockading of public, highways, threats of violence, actual violence and public unrest. Submissions establish that the State additionally attempted to resolve the tax collection issues by means of negotiation. The negotiations were intense and prolonged and resulted in interim agreements with some of the Indian reservations. However, no permanent agreements could be reached with the tribes of the Indian reservations because of divisions within the tribes as to the authority of the individual members who were involved in the negotiations and the signing of the agreements. It is stated, again, without contradiction, that these divisions were such that any agreement between the State and an apparent tribal government could not assure a resolution of the controversy.
*594 The Court of Appeals has determined that the petitioners’ grievance is in the nature of an “equal protection claim based on differential enforcement of the tax laws” (92 NY2d 204, 212, supra). In remanding the matter to this court, the Court of Appeals has framed the issue to be considered to be whether or not the respondents’ policy of nonenforcement “is sustainable under a rational basis analysis” (92 NY2d 204, 214). Implicit in these and related statements is a recognition by the Court of Appeals that there are circumstances under which there can be a rational basis for even a “long-term” policy of nonenforcement. For this reason, the petitioners’ position that nonenforcement is an option beyond the respondents’ discretionary powers must be rejected.
The court finds that the subject regulations were repealed only after the respondents determined that there was no practical manner for the regulations enforcement and only after sincere efforts to negotiate a settlement had been exhausted. As previously noted, it is also found that the regulations were repealed only in conjunction with respondents’ efforts to obtain a legislative solution by the submission to the Legislature of a proposed detailed and comprehensive legislative package. These considerations coupled with a recognition of the unique nature of Indian nations and the resulting complexities compels this court to conclude that the determinations of the respondents were eminently reasonable in all respects.
Mandamus is an extraordinary remedy, rarely granted. If this court were to grant the requested relief in the circumstances here presented, the court, in violation of familiar principle, would wrongfully substitute its judgment for that of the respondents who are charged with the obligation of administering the tax laws of this State. Moreover, even if the petitioners were to possess a strict right to the relief of mandamus, such relief should not be granted if, as has been here shown, the granting of the relief would cause public disorder {Matter of St. Regis Mohawk Dev. Corp. v Nemier, 166 AD2d 861).
Judgment dismissing the petition is, accordingly, granted to the respondents.