In re Robert Charles STRINGER and Bonnie Stringer, His Wife, Individually and D/B/A Stringer Trucking, Debtors.

Robert Charles Stringer and Bonnie Stringer D/B/A Stringer Trucking, Plaintiff,

v.

Pauline Chrysler Individually and D/B/A Randy's Smokeshop, Defendant.

Bankruptcy No. 98–10166.
Adversary No. 00–1031.

United States Bankruptcy Court, W.D. Pennsylvania.

June 26, 2000.

Michael S. Jan Janin, Quinn Buseck Leemhuis Toohey & Kroto, Inc., Erie, PA,

Paul A. Chiaravalloti, Siegel, Kelleher & Kahn, Williamsville, NY, for debtors.

*MEMORANDUM*

WARREN W. BENTZ, Bankruptcy Judge.

Before the Court is a COMPLAINT TO COMPEL TURNOVER OF PROPERTY OF THE ESTATE, PURSUANT TO 11 U.S.C. § 542 ("Complaint") filed by Robert Charles Stringer and Bonnie Stringer, his wife, individually and d/b/a Stringer Trucking ("Debtor"). Debtor is operating as a debtor-in-possession, having filed a voluntary Petition under Chapter 11 of the Bankruptcy Code on February 2, 1998. Debtor's business is the delivery of truckloads of gasoline to retail outlets. Debtor's major and perhaps only customer is Pauline Chrysler, individually and d/b/a Randy's Smokeshop ("Chrysler"). During the pendency of the Chapter 11 case, a dispute arose between Debtor and Chrysler over the amount of gasoline paid for and delivered. Debtor asserts that all gasoline which Chrysler paid for was delivered, while Chrysler asserts that the Debtor was paid for gasoline which was not delivered. Debtor left some equipment at Chrysler's business location. Chrysler does not dispute that the equipment is property of the Debtor but refuses to return it until the dispute is resolved.

Chrysler has filed a motion to dismiss the Complaint. Chrysler asserts that this Court has no jurisdiction because of the Debtor's property being on Native Nation Territory and Chrysler being a Native conducting business on Native Nation Territory. There are no allegations that Chrysler is a tribe official or that her business operation involves actions by Chrysler in performance of official duties.

We have the briefs of the parties and the matter is ripe for determination.

*Discussion*

■ Indian *tribes* enjoy immunity from suits on contracts, whether those contracts involve governmental or commercial activities and whether they are made on or off the reservation. *Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc.*, 523 U.S. 751, 118 S.Ct. 1700, 140 L.Ed.2d 981 (1998). An Indian *tribe* or *nation* is not amenable to suit by a bankruptcy trustee and the bankruptcy court's jurisdiction to hear adversary proceedings does not operate to pierce an Indian *nation's* immunity from suit. *In re Greene*, 980 F.2d 590 (9th Cir.1992) *cert. denied* 510 U.S. 1039, 114 S.Ct. 681, 126 L.Ed.2d 649 (1994); *In re National Cattle Congress*, 247 B.R. 259 (Bankr.N.D.Iowa 2000).

■ However, the assertion of sovereign immunity by a *tribe* does not impair jurisdiction over *individual* tribal members who are not acting as representatives of the tribe. *Puyallup Tribe, Inc. v. Department of Game*, 433 U.S. 165, 97 S.Ct. 2616, 53 L.Ed.2d 667 (1977); *Stock West Corp. v. Taylor*, 942 F.2d 655 (9th Cir. 1991). Tribe *members* are amenable to suit if the subject of the suit is not related to a tribe officer's performance of official duties. *Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians of Florida*, 63 F.3d 1030 (11th Cir.1995); *Buchanan v. Sokaogon Chippewa Tribe*, 40 F.Supp.2d 1043 (E.D.Wis.1999); *Romanella v. Hayward*, 933 F.Supp. 163 (D.Conn.1996) *aff'd* 114 F.3d 15 (2d Cir.1997); *Skowronski v. Branco*, 1999 WL 61409 (Conn.Super. Feb. 1, 1999).

■ There is no allegation that Chrysler is an official of the tribe or that the operation of her business was done in an official capacity for the tribe. Therefore, we have jurisdiction over Chrysler.

An appropriate Order will be entered.